IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DEROME C. BOBO, JR.**                                                                              **PLAINTIFF**

**VERSUS**                                                      **CIVIL ACTION NO.: 3:24cv294-MPM-RP**

**CITY OF HOLLY SPRINGS, MISSISSIPPI, et al.**                       **DEFENDANTS**

### ORDER DENYING MOTION FOR CLERK'S ENTRY OF DEFAULT

The plaintiff Derome C. Bobo, Jr. has filed a Request for Clerk's Entry of Default as to the defendants Darryl Bowen and Falando Marion in their individual capacities. ECF 27. The court finds the motion is not well taken and should be denied.

Federal Rule of Civil Procedure 55(a) states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

In the present case, although the plaintiff's motion states – and the docket reflects – that the defendants Darryl Bowen and Falando Marion, in their individual capacities, have not *filed* answers to the second amended complaint, the motion does not demonstrate that said defendants have not *served* such answers as required by Federal Rule of Civil Procedure 12. Sending an answer to a registered user by filing it with the court's electronic filing system is but one of several ways to serve an answer set forth in Federal Rule of Civil Procedure 5(b)(2), and although under Rule 5(d)(1) answers must be filed within a reasonable time after service, it is the failure to serve – not a failure to file – that must be shown by affidavit (which is the better practice) or otherwise in order to result in a clerk's entry of default.

Therefore, the plaintiff's Request for Clerk's Entry of Default is DENIED.

This, the 25th day of June, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE