**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**DEROME C. BOBO, JR.**                                                                                         **PLAINTIFF**

v.                                                                                                    No. 3:24-cv-00294-MPM-RP

**CITY OF HOLLY SPRINGS, MISSISSIPPI, et al.**                        **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

This matter comes before the Court on Plaintiff Derome C. Bobo, Jr.'s Renewed Motion for Default pursuant to Federal Rule of Civil Procedure 55(b)(2) [36], filed on August 21, 2025. Although titled as a motion for entry of default, the motion seeks **default judgment**, as reflected in Mr. Bobo's supporting memorandum titled *Plaintiff's Memorandum in Support of His Motion for Default Judgment* [37]. Defendants Daryll Bowen and Falando Marion, sued in their official and individual capacities as Chief and Assistant Chief of Police, did not file a response. The Court has reviewed the motion, the supporting memorandum, and the record and is prepared to rule.

**I.    BACKGROUND**

On April 1, 2025, Plaintiff Derome C. Bobo, Jr. filed the operative Second Amended Complaint [12] against the City of Holly Springs, Mississippi, Chief of Police Daryll Bowen, and Assistant Chief Falando Marion in both their official and individual capacities (collectively, the "Defendants"). Mr. Bobo asserts claims under the Fair Labor Standards Act ("FLSA") for unpaid overtime and retaliation arising from his employment as a law enforcement officer with the City of Holly Springs (the "City'). Mr. Bobo alleges that, for several months, Defendants limited his compensation to forty hours per week regardless of the number of hours worked and recorded additional hours as compensatory time on an hour-for-hour basis rather than at the statutory overtime rate of one and one-half hours for each hour worked over forty. [12] at 3. He further

alleges that the City did not properly establish a four-week work period under FLSA, which would permit overtime compensation for all hours worked in excess of forty per week. *Id.* Mr. Bobo also alleges that Defendants failed to compensate him for travel time incurred while responding from home to emergency call-backs. *Id.* He estimates that the alleged underpayment involves approximately 100 hours of overtime. *Id.* at 5.

On May 23, 2025, Defendants jointly filed an Answer [21] in their official capacities only. Defendants thereafter participated in discovery in their official capacities, including filing initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and responses to Plaintiff's first requests for production of documents. *See* [28], [38].

On June 17, 2025, Mr. Bobo moved for entry of default against Chief Bowen and Assistant Chief Marion in their individual capacities only. [27]. The Court denied the motion after Mr. Bobo failed to submit an affidavit demonstrating Defendants' failure to serve their answers as required by Federal Rule of Civil Procedure 12. [30]. Mr. Bobo later filed a renewed request for entry of default supported by affidavit. [33]. The Clerk of Court entered default against Chief Bowen and Assistant Chief Marion in their individual capacities on July 28, 2025. *See* [34]. Mr. Bobo subsequently filed the present motion for default judgment, captioned as a "Renewed Motion for Default" [36], together with a supporting memorandum requesting default judgment. [37]. Chief Bowen and Assistant Chief Marion have not moved to set aside the entry of default and have not responded to the motion[1].

---

[1] The Court is troubled by defense counsel's failure to respond to the motion for default judgment, or to take any action to protect the individual-capacity interests of Chief Bowen and Assistant Chief Marion. Counsel representing a municipal entity and its officials is expected to address all claims and capacities asserted. This concern is heightened given counsel's prior motion practice seeking to set aside an earlier entry of default against the City of Holly Springs, which reflects counsel's familiarity with default procedures and available remedies. *See* [8], [9]. The Court will not act as counsel for any party and expects more diligent advocacy in future proceedings.

## II.     STANDARD OF LAW

Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining default judgment. Rule 55(a) directs the Clerk of Court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion by the plaintiff. Fed. R. Civ. P. 55(b); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). When evaluating a motion for default judgment, "the court accepts as true the well-pleaded allegations of facts in the complaint, except regarding damages." *BSG Clearing Sols. N. Am., LLC v. V&T Commc'ns, LLC*, No. 17-1093, 2018 WL 4677906, at *2 (W.D. Tex. Aug. 3, 2018). The court must nevertheless "determine whether those facts state a claim upon which relief may be granted." *Id.*; *see also Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered."). A plaintiff is not "entitled to default judgment as a matter of right." *Escalante v. Lidge*, 34 F.4th 486, 492 (5th. Cir. 2022) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).

Once a clerk has entered default against a defendant, and a plaintiff seeks a default judgment, a court employs a three-part analysis to determine whether a default judgment should be entered against a defendant. *See J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015). First, the court must consider "whether the entry of default judgment is procedurally warranted." *Id.* (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The factors relevant to this inquiry include: (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good cause mistake or excusable neglect;"

3

(5) "the harshness of a default judgment;" and (6) "whether the court would think itself obligated to set aside the default on the defendant's motion." *Lindsey*, 161 F.3d at 893. Second, the court must assess the substantive merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment. *J & J Sports Prods.,* 126 F. Supp. 3d at 814. Third, the court must determine "what form of relief, if any, the plaintiff should receive." *Id.*

### III. ANALYSIS

#### A. Whether Default Judgment is Appropriate

The Court first evaluates whether default judgment is procedurally warranted under the *Lindsey* factors. First, when a defendant fails to respond to or answer the complaint, there are no material issues of fact in dispute. *See Alvarado Martinez v. Eltman L., P.C.*, 444 F. Supp 3d 748, 753 (N.D. Tex 2020) ("[B]ecause Eltman has not filed any responsive pleading, there are no materials facts in dispute."). Here, however, Defendants filed an Answer and participated in discovery in their official capacities, despite also being sued in their individual capacities. *See* [21], [38]. Chief Bowen and Assistant Chief Marion did not file an answer, a Rule 12 motion, or response to the present Motion in their individual capacities. As such, no material facts pertaining to the claims against them in their individual capacities are in dispute. Second, failure to respond has not caused substantial prejudice "threaten[ing] to bring the adversary process to a halt" since the case remains active against the City of Holly Springs and against Chief Bowen and Assistant Chief Marion in their official capacities, and Defendants have participated in discovery. *Id.*

Third, the record establishes the grounds for default. Here, the Clerk of the Court entered default against Chief Bowen and Assistant Chief Marion in their individual capacities on July 28, 2025. *See* [33], [34]. Fourth, there is no evidence before the Court that the "default was caused by a good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, neither Defendant has

4

sought to set aside the default. *See Helena Chem. Co v. Aylward*, No. 4:15-cv-96, 2016 WL 1611121, at *2 (N.D. Miss Apr. 21, 2016) ("[W]hile default judgment is a harsh remedy, any harness is mitigated where, as here, [each] defendant has had substantial time to correct the default.").

Finally, the sixth factor overlaps with the Court's analysis of whether the pleadings establish a sufficient basis for default judgment. Although Defendants have not articulated any grounds on which the Court "would think itself obliged to set aside the default[,]" the Court does not find that Mr. Bobo has alleged sufficient facts to establish individual-capacity liability. *Lindsey*, 161 F.3d at 893. Chief Bowen and Assistant Chief Marion could later seek to set aside the default and likely prevail by demonstrating that the operative pleadings fail to allege any facts showing personal involvement or operational control. For the same reasons discussed below, this factor weighs against entry of default judgment. Considering the *Lindsey* factors as a whole, the Court finds that a default judgment is procedurally warranted, notwithstanding that the sixth factor weights against entry of default judgment.

### B. Whether Plaintiff's Pleadings Establish a Sufficient Basis for Default Judgment

The Court next determines whether Mr. Bobo's pleadings establish a sufficient basis for a default judgment against Chief Bowen and Assistant Chief Marion in their individual capacities. In making such a determination, the Court considers only well-pleaded factual allegations, while legal conclusions receive no presumption of truth. *Buerger v. Clifton*, No. 18-78, 2021 WL 748106, at *3 (E.D. Tex. Jan. 7, 2021) (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206). The complaint must allege facts that "raise a right to relief above the speculative level." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F. 3d 490, 498 (5th Cir. 2015).

5

Here, Mr. Bobo's pleadings do not meet this standard. The operative complaint [12] and supporting memorandum [37] fail to establish individual-capacity liability under the FLSA. Mr. Bobo asserts that Chief Bowen and Assistant Chief Mation qualify as "employers" under 29 U.S.C. § 203(d), and that they "paid [him] intermittently in such that it was difficult to decipher if he was being paid for overtime or such time was being banked as comp time." [37] at 1-2. These allegations state legal conclusions but do not plead facts showing that either defendant exercised personal operational control or bore individual responsibility for compensation decisions. *See Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (listing the Fifth Circuit factors for determining whether an individual is an employer under the FLSA).

The pleadings also fail to state a retaliation claim under 29 U.SC. § 215(a)(3) against either defendant in an individual capacity. Mere regurgitation of the elements required to establish a prima facie case of retaliation or allegations that, after filing the present action, Chief Bowen or Assistant Chief Marion summoned "plaintiff to their offices for pity [sic] things and personal questions" or reassigned his duties, do not distinguish official conduct from personal action sufficient to support individual liability, nor do they allege facts establishing a causal link between protected activity and an adverse employment action. [12] at 4; [37] at 1-2; *See Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008).

These substantive deficiencies preclude default judgment, notwithstanding the procedural entry of default. *See Ross v. Miss Lou Mobile Home Movers, LLC*, No. 17-46, 2019 WL 6108710, at *4 (S.D. Miss. May 20, 2019) ("Because the complaint does not allege any plausible claims against the defendant, the Court lacks a 'sufficient basis' to enter a default judgment against [the defendant]."). The Court therefore finds that Mr. Bobo's pleadings do not provide a sufficient legal or factual basis for entry of default judgment against Chief Bowen and Assistant Chief Marion in

their individual capacities. As such, even if default judgment were procedurally warranted, the insufficient pleading requires denial of Mr. Bobo's motion for default judgment.

## IV. CONCLUSION

For the reasons stated above,

IT IS, THEREFORE, ORDERED Plaintiff Derome C. Bobo, Jr.'s motion seeking default judgment, titled *Renewed Motion for Default* [36] is DENIED.

SO ORDERED, this the 4th day of February, 2026.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI